**Wells Fargo Bank, N.A. v Keller**

2024 NY Slip Op 33608(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 152883/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NICHOLAS W. MOYNE**            PART                41M

*Justice*

-----------------------------------------------------------------------X

WELLS FARGO BANK, N.A.

                                    Plaintiff,

                - v -

OWEN KELLER,

                                Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152883/2022 |
| MOTION DATE | 03/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for           JUDGMENT - DEFAULT     .

Upon the foregoing documents, it is

Plaintiff, Wells Fargo Bank, N.A., commenced the underlying action to recover for amounts owed pursuant to charges on a credit card which remain unpaid, alleging claims for breach of agreement, account stated and quantum meruit. Plaintiff Wells Fargo now moves for an order, pursuant to CPLR § 3215, directing entry of a default judgment against defendant, Owen Keller, in the amount of $20,669.81.

On June 10, 2022, plaintiff, in accordance with the method of service proscribed by CPLR § 308, served the defendant with the summons and complaint for this action (NYSCEF Doc. No. 2). The applicable time period in which defendant ought to have answered or otherwise appeared has passed, and the defendant has failed to do so. However, on March 27, 2024, after the statutorily proscribed one-year period in which to file a motion for default had expired, Wells Fargo filed its application seeking entry of a default judgment against defendant (*see* CPLR § 3215 [a]).

[* 1]

CPLR § 3125 (c) provides that if a plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, unless sufficient cause is shown why the complaint should not be dismissed. The language of CPLR § 3215 (c) requiring dismissal is not discretionary, but mandatory, with the statute excepting cases where sufficient cause has been shown (*Deutsche Bank Natl. Tr. Co. v Cruz*, 173 AD3d 610, 610 [1st Dept 2019]). Therefore, to establish sufficient cause, a plaintiff must both proffer a reasonable excuse for the delay in timely moving for a default judgment and demonstrate that it has a potentially meritorious cause of action (*HSBC Bank USA, N.A. v Slone*, 174 AD3d 866, 867 [2d Dept 2019]).

Plaintiff asserts that its delay in seeking a default judgment was the result of a procedural and/or law office failure (*see Hertz Vehicles, LLC v Mollo*, 171 AD3d 651 [1st Dept 2019] [A reasonable excuse for delay may include those resulting from law office failure]; compare *U.S. Bank, Nat. Ass'n v Dorvelus*, 140 AD3d 850, 852 [2d Dept 2016]). While a court has the discretion to accept law office failure as a reasonable excuse, such excuse must be supported by detailed allegations of fact explaining the failure (*Ibrahim v Nablus Sweets Corp.*, 161 AD3d 961, 963 [2d Dept 2018]; *CEO Bus. Brokers, Inc. v Alqabili*, 105 AD3d 989, 990 [2d Dept 2013] [allegations of law office failure may not be vague, conclusory, or unsubstantiated]).

The affirmation of plaintiff's counsel includes allegations that a prior suit to recover the amount owed was filed in the New York Civil Court; in which service of that complaint was attempted at the given address for defendant, but was unsuccessful as the address was a PO Box (*see* NYSCEF Doc. No. 10). Plaintiff asserts that although a discontinuance without prejudice was sent to the Court, on or about April 1, 2022, due to the paper filings in the Civil Court action, plaintiff never received confirmation of the discontinuance, and as such, would not issue

152883/2022  WELLS FARGO BANK, N.A. vs. KELLER, OWEN
Motion No. 001

Page 2 of 4

[* 2]

an affidavit of judgment for this action. Plaintiff contends that once it was satisfied of the discontinuance of the first Civil Court action, thereafter on or around March 21, 2024, it issued an affidavit of facts for this action. Considering, plaintiff has offered a reasonable excuse for the delay, which resulted from a law office failure (*Park v Kim*, 205 AD3d 429, 429 [1st Dept 2022]; compare *Zayas v Montefiore Med. Ctr.*, 188 AD3d 551, 552 [1st Dept 2020]).

Additionally, plaintiff has demonstrated meritorious causes of action, offering an affidavit of facts from a Loan Workout Specialist of Wells Fargo and additional supporting documentation to demonstrate its claims (*see Citimortgage, Inc. v Sahai*, 172 AD3d 552 [1st Dept 2019]; see also NYSCEF Doc. No. 13). Additionally, as required by CPLR § 3215 (f), plaintiff has provided proof of service of the summons and complaint, the facts supporting each of its claims, the default, and the amount due, through the verified complaint and the affidavit of merit (*Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023] ["To demonstrate facts constituting the claim, the movant need only proffer proof sufficient to enable a court to determine that a viable cause of action exists"]). As plaintiff has demonstrated compliance with the statutory requirements of CPLR § 3215 *et. seq.*, the motion for entry of a default judgment is granted.

Accordingly, it is hereby

ORDERED that the motion by plaintiff, Wells Fargo Bank, N.A., is GRANTED; and it is further

ADJUDGED and ORDERED that plaintiff, Wells Fargo Bank, N.A., having a legal representative with an address at Attn: David Sussman, Esq., Tenaglia & Hunt, P.A., 5 Penn Plaza, 23rd Floor, New York, NY 10001, is granted a judgment against defendant, Owen Keller, having a last known address at 59 East 73rd Street, Apt 3F, New York, NY 10021, in the amount of $20,669.81; and it is further

152883/2022   WELLS FARGO BANK, N.A. vs. KELLER, OWEN                    Page 3 of 4
Motion No. 001

3 of 4

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff, Wells Fargo Bank, N.A., and against defendant, Owen Keller, in the amount of $20,669.81, together with costs and disbursements in the amount of $ _____ as taxed by the Clerk upon the submission of an appropriate bill of costs, for the total judgment amount of $ _____, and that the plaintiff have execution thereof.

This constitutes the decision and order of the court.

| _____10/11/2024_____ | | _____ |
| **DATE** | | **NICHOLAS W. MOYNE, J.S.C.** |

| _____**DATE**_____ | | | _____**CLERK**_____ | |
|---|---|---|---|---|
| **CHECK ONE:** | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| **APPLICATION:** | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**152883/2022  WELLS FARGO BANK, N.A. vs. KELLER, OWEN**
**Motion No.  001**

**Page 4 of 4**

4 of 4